D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JEFFREY PIERRE-LOUIS,

                **MEMORANDUM & ORDER**

          Plaintiff,

                **12-CV-2240 (NGG) (LB)**

      -against-

OFFICER MARTINEZ, BADGE # 14856,

         Defendant.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff, a state prisoner, filed this pro se action alleging that Defendant, a corrections officer, was indifferent to his medical needs while Plaintiff was incarcerated at the Brooklyn Detention Complex in Brooklyn, New York. (Compl. (Dkt. 1).) Pending before the court is Defendant Martinez's Motion to Dismiss the Complaint. (Mot. to Dismiss (Dkt. 23).) For reasons stated below, Defendant Martinez's motion is GRANTED and the Complaint against him is DISMISSED WITHOUT PREJUDICE.

I.    **BACKGROUND**

Plaintiff is in the custody of the New York City Department of Corrections ("DOC") and housed in the Brooklyn Detention Complex. (Compl. at 2-3.) In his Complaint, which he signed on April 29, 2012, Plaintiff alleges that on April 8, 2012, the toilet and sink in his cell overflowed with water. (See id. at 4.) Plaintiff "slipt [sic] and fell, injuring [his] back and [his] left hip," which had pins left from a surgery Plaintiff underwent when he was fifteen. (Id.) Although Plaintiff told Defendant Martinez that he "was hurt and needed to go to the clinic," Defendant Martinez "denied [Plaintiff] from the clinic." (Id.) Plaintiff requested medical treatment consisting of X-rays of his back and hip, as well as permission for his wife to bring

1

Plaintiff his cane from home. (Id.) According to Plaintiff, it "took [him] two days to receive any medical attention" consisting of a 400 mg tablet of methocarbamol (a muscle relaxant) and a 400 mg tablet of ibuprofen. (Id.) Plaintiff alleges that he filed a grievance complaining of his injuries and requesting X-rays and access to his cane. (Id.) As of the date on which he signed the Complaint, he was "still waiting" for a response. (Id. at 2, 4.)

## II. PROCEDURAL HISTORY

Plaintiff initiated this pro se action against Defendant Martinez, the City of New York, and the DOC, alleging a violation of 42 U.S.C. § 1983 and seeking $2.5 million in money damages. (Compl.) By Memorandum and Order on September 13, 2012, the court reviewed the Complaint sua sponte pursuant to 28 U.S.C. § 1915A(a). (Sept. 13, 2012, Order (Dkt. 6).) The court dismissed Plaintiff's claims against the City of New York and the DOC but allowed Plaintiff to proceed against Defendant Martinez. (Id.)

On May 7, 2013, the court granted Defendant Martinez leave to bring his Rule 12(b)(6) motion to dismiss and set a briefing schedule. (May 7, 2013, Order (Dkt. 15).) Defendant Martinez filed his motion and supporting documents on June 24, 2013.[1] (Dkts. 17-19.) Appended to the Motion to Dismiss was a declaration of an Assistant Corporation Counsel and a summary of DOC administrative remedies. (Decl. of Jeffrey S. Dantowitz ("Dantowitz Decl.")) (Dkt. 24).) As required by Local Civil Rule 12.1 of the Eastern District of New York, Defendant Martinez also provided the pro se Plaintiff with notice of his obligations in opposing a motion to dismiss that refers to extrinsic materials, including the possibility that it may be converted into one for summary judgment. (Dkt. 23 at 3-4.)

---

[1] Under the court's Individual Rules, motions are not to be filed with the court until they are fully briefed. Rather, motions and response papers should only be served by the parties on each other, and the fully briefed motion should be filed with the court on the date of the reply. As such, the court terminated Defendant Martinez's motion for being filed prematurely before it was fully briefed. (Dkt. 22.) Defendant Martinez refiled the motion and supporting documents on November 25, 2013, after Plaintiff failed to submit a response by his deadline. (See Dkts. 23-25.)

Plaintiff did not file a response by his deadline; instead he filed a motion to appoint counsel on June 24, 2013. (See Dkt. 20.) On July 3, 2013, Magistrate Judge Lois Bloom denied Plaintiff's motion without prejudice and extended the time for Plaintiff to file his response until August 9, 2013. (July 3, 2013, Order (Dkt. 21).) Plaintiff again failed to file a response by his deadline. In deference to pro se Plaintiff, on October 4, 2013, the court extended the deadline for him to file his response until November 8, 2013. (Oct. 4, 2013, Order (Dkt. 22).) The court warned that "[i]f Plaintiff fails to serve a timely response, Defendant shall file his motion on November 22, 2013, and it will be deemed unopposed." (Id. at 2.) Plaintiff has not submitted a response to this day, and the court now treats Defendant's Motion to Dismiss as unopposed.

## III. LEGAL STANDARD

Defendant Martinez has filed his Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, and draw all reasonable inferences in favor of plaintiffs. Bolt Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Where plaintiffs proceed pro se, their submissions are held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se complaint and other documents are "to be liberally construed," Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest,"

3

Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). However, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuch, 710 F.2d 90, 95 (2d Cir. 1983)). "Thus, the duty to liberally construe a defendant's complaint is not the equivalent of a duty to re-write it." Geldzahler v. N.Y. Med. Coll., 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotations and alterations omitted).

A court considering a Rule 12(b)(6) motion to dismiss for failure to state a claim generally may not consult evidence outside the pleadings. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 n.6 (2d Cir. 2001); Burgess v. Goord, No. 98-CV-2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999) ("In general, a court may not look outside the pleadings on a Rule 12(b)(6) motion to dismiss. However, the mandate to read the papers of pro se litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum.") (internal quotation marks and citations omitted); see also Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). If matters outside the pleadings are presented to the court, it may convert the motion to dismiss into a summary judgment motion. See Fed. R. Civ. P. 12(d).

## IV. DISCUSSION

Defendant Martinez argues that Plaintiff's deliberate indifference claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to exhaust the DOC's administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e et seq. (Mot. to Dismiss at 5.) Defendant Martinez also argues that the action must be dismissed because Plaintiff has failed to allege facts that demonstrate a constitutional violation. (Id. at 10.)

4

## A. Failure to Exhaust

### 1. Exhaustion under the PLRA

Prior to bringing a section 1983 claim, a prisoner plaintiff must first exhaust his administrative remedies under the PLRA which provides that "[n]o action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until . . . administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 90-92 (2006) (Section 1997e(a) requires "proper exhaustion," which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."). The Supreme Court has held that the PLRA exhaustion requirement "applies to all inmate suits about prison life," including § 1983 claims. Porter v. Nussle, 534 U.S. 516, 532 (2002). Where it is clear that an inmate did not exhaust his administrative remedies, the court must dismiss the action. See Neal v. Goord, 267 F.3d 116, 117-18 (2d Cir. 2001), abrogated in part on other grounds by Porter v. Nussle, 534 U.S. 516 (2002); Harris v. Bowden, No. 03-CV-1617 (LAD), 2006 WL 738110, at *2 (S.D.N.Y. Mar. 23, 2006) ("Statutory exhaustion requirements are mandatory; courts may not dispense with them freely.") (citing Bastek v. Fed. Crop Ins. Corp., 145 F.3d 90, 94 (2d Cir. 1998)).

The DOC has established a multi-step administrative remedies process, the Inmate Grievance Resolution Program ("IGRP"), that inmates must follow to meet the PLRA's exhaustion requirement.[2] The IGRP process requires that the inmate file a grievance with the Inmate Grievance Resolution Committee, and then appeal to the Warden, the Central Office Review Committee, and then the Board of Correction. See, e.g., Martin v. City of New York,

---

[2] The procedures underlying the IGRP have been described in numerous judicial opinions. Like other courts in this Circuit, the court takes judicial notice of the IGRP procedures, without relying on the extrinsic materials appended to the Motion to Dismiss. See, e.g., Mamon v. N.Y. City Dep't of Corr., No. 10-CV-8055 (NRB), 2012 WL 260287, at *3 n.4 (S.D.N.Y. Jan. 27, 2012); Swanston v. Dep't of Corr., No. 11-CV-1219 (CM), 2011 WL 5105489, at *2 (S.D.N.Y. Oct. 27, 2011).

No. 11-CV-600 (PKC), 2012 WL 1392648, at *5 (S.D.N.Y. Apr. 20, 2012); Williams v. City of New York, No. 03-CV-5342 (RWS), 2005 WL 2862007, at *10 (S.D.N.Y. Nov. 1, 2005). To properly exhaust, an inmate must proceed through all the levels of the IGRP process. Williams, 2012 WL 1392648, at *10.

Importantly, because exhaustion is not a jurisdictional requirement, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216-17 (2007). Rather, "defendants bear the burden of showing non-exhaustion and the 'issue of exhaustion is generally not amenable to resolution by way of a motion to dismiss.'" Foreman v. Comm. Goord, No. 02-CV-7089 (SAS), 2004 WL 385114, at *6 (S.D.N.Y. Mar. 2, 2004) (quoting Nicholson v. Murphy, No. 02-CV-1815 (MRK), 2003 WL 22909876, at *6 (D. Conn. June 16, 2003).)

Dismissal under Rule 12(b)(6) for failure to exhaust is therefore appropriate only where non-exhaustion is apparent from the face of the plaintiff's complaint. See, e.g., Martin, 2012 WL 1392648, at *5 (dismissing due to failure to exhaust that was evident on the face of the complaint). Where non-exhaustion is not clear from the face of the complaint, a defendant's motion to dismiss pursuant to 12(b)(6) is not an appropriate vehicle. McCoy v. Goord, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003).

2. Plaintiff's Attempts to Exhaust

In this case, Plaintiff allegedly "told the prison authorities what happened" and filed a grievance. (Compl. at 2, 4.) As of the date on which he signed the Complaint, he was "still waiting" for a response. (Id.) However, filing suit shortly after filing a grievance and before receiving a response is premature.

6

The law is clear that "[exhaustion] must be *completed* before suit is filed." Burgos v. Craig, 307 F. App'x 469, 470 (2d Cir. 2008) (emphasis added). To complete exhaustion, an inmate in DOC custody must proceed through *all levels* of the IGRP process. See Rivera v. Anna M. Kross Ctr., No. 10-CV-8696 (RJH), 2012 WL 383941, at *7 (S.D.N.Y. Feb. 7, 2012) (noting that all levels of the IGRP "must be exhausted for a prisoner to meet the exhaustion requirement"). Furthermore, the IGRP places the burden on the inmate to request a formal hearing if he has not received a response to his grievance within five days of filing it. Id. at *5.

In this case, Plaintiff's verbal complaint to the prison officials and his filing of the grievance is the starting point—but not the completion—of the multi-step IGRP grievance procedure. Additionally, given his burden under the IGRP, Plaintiff is not relieved from the exhaustion requirement merely because he was awaiting a response from the prison authorities at the time that he filed his Complaint. Accordingly, Plaintiff's actions are insufficient to comply with the required IGRP grievance procedure and exhaust the administrative remedies under the PLRA.[3] See Antrobus v. Warden of GRVC, No. 11-CV-5128 (JMF), 2012 WL 1900542, at *3 (S.D.N.Y. May 25, 2012) (dismissing for failure to exhaust where the plaintiff filed only an initial grievance and did not seek a hearing or otherwise appeal); Rivera, 2012 WL 383941, at *7 (dismissing for failure to exhaust where the plaintiff has completed only one step in exhausting his administrative remedies).

---

[3] The court notes that compliance with the PLRA's exhaustion requirements is excused where: (1) administrative remedies are not available; (2) defendants have either waived this defense or acted so as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, otherwise justify the prisoner's failure to comply with the exhaustion requirement. Ruggiero v. Cnty. of Orange, 467 F.3d 170, 175-76 (2d Cir. 2006) (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)). However, Plaintiff has not asserted any of these grounds—or anything that could be construed as these arguments—in his pleadings. Plaintiff does not allege, and there is nothing in his Complaint to suggest, that administrative remedies were unavailable to him in any way. Similarly, there is no factual basis for waiver or estoppel of the exhaustion defense on the part of the Defendant. Finally, Plaintiff has alleged no special circumstances that would justify his failure to comply with all steps of the IGRP.

Furthermore, it is apparent from the face of the Complaint that it was signed by Plaintiff on April 29, 2012—a mere three weeks after the alleged date of the incident on April 8, 2012. (See Compl.) It is clear from this timeline that Plaintiff could not have exhausted the multi-step IGRP grievance process in the short time before he filed suit. Price v. City of New York, No. 11-CV-6170 (TPG), 2012 WL 3798227, at *3 (S.D.N.Y. Aug. 30, 2012) (dismissing a prisoner complaint for failure to exhaust where plaintiff filed the complaint only 21 days after the events in question).

In sum, it is apparent from the face of the Complaint that Plaintiff did not exhaust the DOC administrative remedies when he initiated this lawsuit. Accordingly, Plaintiff's Complaint must be dismissed without prejudice for failure to exhaust the administrative remedies, as required by the PLRA. See Morales v. Mackalm, 278 F.3d 126, 128 (2d Cir. 2002) ("If a district court dismisses a prisoner's complaint for failure to exhaust administrative remedies, it should do so without prejudice."). Because the court finds that the Complaint must be dismissed for failure to exhaust, the court does not reach the question of Plaintiff's alleged failure to state a claim.

### B. Leave to Amend

The Second Circuit has cautioned that "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nonetheless, the court can deny leave to amend when "undue delay, bad faith, or dilatory motive . . . undue prejudice to the opposing party . . . [or] futility of the amendment" exist. Foman v. Davis, 371 U.S. 178, 182 (1962); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam); see also Schwamborn v. Cnty. of Nassau, 348 F. App'x 634, 635 (2d Cir. 2009) (affirming denial of pro se prisoner plaintiff's motion to amend). Leave to

amend is futile "where the claim or defense proposed to be added has 'no colorable merit.'" Oliver v. Demarinis & Co., No. 90-CV-7950 (SS), 1993 WL 33421, *5 (S.D.N.Y. 1993) (citation omitted). A court measures futility under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Nettis v. Levitt, 241 F.3d 186, 194 & n.4 (2d Cir. 2001). The decision whether to permit a plaintiff to amend his pleadings is committed to a district court's "sound discretion." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

In this case, Plaintiff has never requested leave to amend in the over two years that have elapsed since he first filed his Complaint. Furthermore, even a liberal reading of Plaintiff's Complaint does not suggest that he has inadequately or inartfully pleaded a valid claim and that he should be given a chance to reframe it. As explained above, it is apparent from the face of the Complaint that Plaintiff failed to exhaust the required DOC remedies prior to initiating this action. No amendment would cure this since the court would disregard any remedies that postdate the filing of the Complaint. See Kasiem v. Switz, 756 F. Supp. 2d 570, 575 (S.D.N.Y. 2010) ("[P]ost-exhaustion amendment of pleadings filed originally before exhaustion to reflect that exhaustion has become complete cannot cure the original non-exhaustion defect."); see also Gay v. Terrell, No. 12-CV-2925 (CBA), 2013 WL 5437045, at *3 (E.D.N.Y. Sept. 27, 2013) (same). Accordingly, Plaintiff's Complaint merits dismissal, rather than leave to amend.

## V. CONCLUSION

For the foregoing reasons, Defendant Martinez's Motion to Dismiss is GRANTED and the Complaint against Defendant Martinez is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August __, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge